## S. J. SAXON, RESPONDENT, *v.* C. CONGER AND W. J. HILL, APPELLANTS.

CRIMINAL ACTION—COMPROMISE OF.—There can be no legal compromise of a criminal charge, where the person charged has not been arrested, nor in any way held to answer the charge.

IDEM—PARTY INJURED CAN EXACT NOTHING BEYOND ACTUAL VALUE OF PROPERTY TAKEN AND EXPENSES.—In effecting a compromise of larceny, under the statute, the person whose property has been stolen has no right to exact or receive from the person committing the larceny, anything more than the property stolen or its value, and the necessary expense of reclaiming it.

IDEM—AGREEMENT TO ACKNOWLEDGE SATISFACTION, EFFECT OF.—A simple "agreement to acknowledge satisfaction," does not effect a valid compromise. The satisfaction must be unequivocally acknowledged.

HILL began a criminal prosecution in justices' court against Conger, charging him with the larceny of forty-six bushels of wheat. A warrant was issued, but no arrest was made. Hill owed Conger eighty-six dollars at the time the com-

plaint was filed.   Two days after the complaint was filed, Conger, by his agent and Hill, made an agreement, by which Conger was to return to Hill forty-six bushels of wheat, valued at thirty dollars and fifteen cents, pay Hill's attorney for his services in the criminal proceeding, pay the expenses of following up the stolen property and release the debt of eighty-six dollars which Hill owed him.   Hill, on his part, agreed to acknowledge satisfaction for the injury done him by the larceny of the wheat, and procure the dismissal of the prosecution.   The wheat was returned, and the attorney's fee and other expenses paid by Conger.   Hill made the necessary acknowledgment of satisfaction, and the prosecution was dismissed.   Subseqnently this action was brought against Conger, and a garnishee process served upon Hill.   Hill returned his certificate to the effect that he was not indebted to Conger.   He was thereupon, by an order, required to appear and answer written interrogatories.   He did so, and answered in effect that the eighty-six dollars due to Conger had been paid by his agreement not to prosecute.   Such proceedings were had that a judgment was rendered against him for sixty-three dollars and costs of the garnishment proceedings.   Upon appeal to the circuit court this judgment was affirmed, the court finding, among other conclusions, that the release by Conger of the debt due from Hill was fraudulent and void as to the creditors of Conger.

Conger and Hill appeal to this court.

*G. B. Dorris*, for appellants.

*C. W. Fitch and J. M. Thompson*, for respondent.

By the Court, McArthur, J.:

Under the criminal law of this state certain crimes may be compromised, but the crimes must be of the general class known and denominated as misdemeanors.   In order to effect a legal compromise, the defendant in the criminal action must have been held to answer on a charge of misdemeanor, and the same must fall under the category of those for which the law affords a civil remedy as well as a

penal judgment. (Crim. Code, sec. 315.) The crime charged against Conger was larceny of property of the value of less than thirty-five dollars, a misdemeanor, and Hill had a civil remedy for the trespass, involved in the larceny. But though a charge had been preferred against Conger for the crime, he was not arrested, nor was he in any way held to answer the charge. The crime was one that could have been compromised if he had been held to answer, but the manner in which Hill attempted to effect a compromise would have operated as a fraud upon Conger's creditors, even if he had been regularly held to answer the charge preferred. In effecting a compromise of a crime under the statute referred to, the person whose property has been stolen has no right to exact or demand or receive from the person committing the larceny anything more than the property or its value, and the necessary expense incurred in reclaiming it; that is to say, the law will not permit the process in a criminal case to be used as an instrument, by means of which a person can secure pecuniary benefits to the prejudice of the other creditors of the person charged with a crime. If the person whose property has been stolen desires more than a return thereof, and the necessary expenses incurred in reclaiming it, he must let the criminal law take its course, and resort to his civil remedy for the recovery of his damages.

In this case the court below found that the forty-six bushels of wheat, the subject of the larceny, were returned to Hill, and he was also allowed all the expenses he necessarily incurred in tracing it up. His indebtedness to Conger in excess thereof was, we think, a proper subject of garnishment by the other creditors of Conger.

There is a further reason why what was done cannot be regarded as a compromise. The facts show that Hill simply "agreed to acknowledge satisfaction." In order to effect a valid compromise, such a one as would bar the further or future prosecution for the crime he should have acknowledged satisfaction unequivocally, and the dismissal of the prosecution should have been based upon such unequivocal acknowledgment of satisfaction. The charges of

error in the findings of fact have not been examined into in this case for reasons apparent upon the record. We have confined our investigation into the legality and validity of the conclusions of law applied by the court below to the facts found.

Judgment affirmed.