Argued July 17, reversed September 9, reconsideration denied
October 9, petition for review allowed November 13, 1974

STATE OF OREGON, *Appellant, v.*
ROBERT L. DUMOND (No. 85888),
*Respondent.*
526 P2d 459

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Raymond R. Bagley, Jr.,* Oregon City, argued the cause for respondent. With him on the brief were Alan R. Jack and Jack, Goodwin & Urbigkeit, Oregon City.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

This is a state appeal, pursuant to ORS 138.060 (1), from a judgment allowing a civil compromise of a criminal case and dismissing the same under authority of ORS 135.703 et seq. Robert L. Dumond was indicted on a charge of theft in the first degree, ORS 164.055, of $534 from the Employment Division of the State Department of Human Resources. He subsequently paid such sum to the Division, whereupon the trial court ordered the case compromised and the indictment dismissed, pursuant to ORS 135.703 to 135.709, over the objections of the district attorney and the Employment Division.

Defendant was employed and earned wages while receiving from the State of Oregon unemployment benefits amounting to $534. A report in the record which the court considered shows that defendant admitted he collected benefits while working because he needed the cash to pay bills as he had been out of work for several months.

Defendant pleaded not guilty to the indictment and shortly thereafter made cash restitution, receiving therefor a letter (February 26, 1974) from the supervisor of the Fraud Control Unit of the Employment Division, which stated:

"We enclose Claimant's Receipt Number 7912 acknowledging payment in full in the amount of $534.00.

"* * * * * *"

On March 15 the supervisor of the Fraud Control Unit of the Employment Division wrote the Clackamas County District Attorney:

"This is to inform you that the Employment Division, State of Oregon, has not compromised the case of State of Oregon vs. Robert Dumond, and specifically we do Not acknowledge having received settlement for the injury.

"We accepted a check from Mr. Jack for $534.00 but specifically refused to compromise the case."

After a hearing on March 20, 1974, the trial court, on March 26, entered an order allowing civil compromise, which reads, in material part, as follows:

"* * * [T]he court having received in evidence a letter indicating that the injured party has been reimbursed in full for the injuries giving rise to this indictment, and the court being of the opinion that it would be in the best interests of justice that a civil compromise occur, and based thereon makes the following findings of fact:

"1. That the crime is punishable as a misdemeanor.

"2. That the defendant has paid to the injured party all sums of money which the injured party would be entitled to in a civil suit pursuant to the terms of ORS 657.310.

"3. That a civil compromise would be in the best interest of justice in this particular case.

"4. That it would further be in the best interest of justice that the defendant not receive a criminal record under these circumstances and based thereon, it is hereby

"ORDERED AND ADJUDGED that all further proceedings in this matter shall be stayed and the indictment shall be dismissed * * *

"* * * * *."

Oregon's compromise statutes, ORS 135.703 to 135.709, read:

"When a defendant is charged with a crime punishable as a misdemeanor for which the person injured by the act constituting the crime has a remedy by a civil action, the crime may be compromised * * *

"* * * * *." ORS 135.703.

"If the party injured at any time before trial on an accusatory instrument for the crime, acknowledges in writing that he has received satisfaction for the injury, the court may, in its discretion, on payment of the costs and expenses incurred, order the accusatory instrument to be dismissed; but the order and the reasons therefor must be entered in the journal." ORS 135.705.

"The order authorized by ORS 135.705, when made and entered, is a bar to another prosecution for the same crime." ORS 135.707.

ORS 135.755 provides:

"The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order the proceedings to be dismissed; but in that case, the reasons of the dismissal shall be set forth in the order, which shall be entered in the journal."

■ Plaintiff claims error in that both the prosecutor and the victim of the crime specifically refused to agree to a compromise of the case; and in that the

court abused whatever discretion it may have had in ordering the case dismissed "in furtherance of justice," because no justification for such a dismissal appears in the record. Plaintiff's earnest argument is that frequent abuses occur stemming from false representations like that here involved, they are difficult to detect, and when one is proved, if the trial judge lets the culprit off by merely requiring repayment of that which he stole, there is little detrimental effect in the result obtained to keep others from doing the same thing. The argument carries conviction. Further, absent statute, a strict rule prevails against allowing private persons to compromise and forgive a public wrong. See discussion of the general rule and criticism of statutes allowing such compromises in LaFave and Scott, Criminal Law 408, 410-12, § 57 (hornbook series 1972).[1]

---

[1] With reference to such statutes, LaFave and Scott state:

"About ten states have much broader compromise statutes, covering most or all misdemeanors, which provide that if the injured party appears in court and acknowledges that he has received satisfaction for the injury, then the prosecution is to be terminated. These statutes have been strictly construed * * *.

"* * * * *

"* * * [R]eliance upon the misdemeanor-felony distinction as a basis for deciding when compromise should be permitted is highly questionable. There is nothing inherent in the label 'misdemeanor' or in the characteristics of misdemeanors generally which suggest that settlement is to be preferred * * *.

"Even assuming there is something to the misdemeanor-felony dichotomy, it is apparent that a statutory policy of permitting compromise of most or all misdemeanors involving an 'injured party' is indiscriminate * * *." (Footnotes omitted.) LaFave and Scott, Criminal Law 408, 411-12, § 57 (hornbook series 1972).

Although Oregon has had the compromise statutes since early times, only two Supreme Court cases appear to have mentioned it. The first, Saxon v. Hill, 6 Or 388, 389 (1877), states:

"Under the criminal law of this state certain crimes may

Nevertheless, the Oregon statutes involved allow a broad discretion in the trial court in cases that fall under the compromise statutes.

■ Four requisites are set forth in ORS 135.703 and 135.705 which are precedent to the trial court's exercising this discretion:

(1) That defendant be charged with a crime punishable as a misdemeanor;

(2) That the injured party have a remedy by civil action;

(3) That the injured party before trial acknowledge satisfaction in writing;

(4) That defendant pay costs and disbursements incurred.

The second condition is satisfied by ORS 657.310 (3) (a part of the unemployment compensation law), which states:

"In any case in which a claimant is liable to repay to the administrator any amount for the fund, such amount shall be collectible without interest by civil action brought in the name of the administrator."

■ As to the third, ORS 135.705 requires that, before trial, the injured party acknowledge in writing that he has received satisfaction for the injury. We believe the acknowledgment and receipt in the February 26 letter for the $534 did constitute written satisfaction. We believe this, in spite of the other letter in which the

be compromised, but the crimes must be of the general class known and denominated as misdemeanors * * *."

In State v. Keep, 85 Or 265, 271, 166 P 936 (1917), the Supreme Court said:

"Moreover, only misdemeanors may be compromised * * *."

Neither of these cases was similar in facts to the case at bar.

Employment Division specifically refused to acknowledge that it had received settlement for the "injury," which is the public injury the criminal proscription is directed against. If that concept is to be added to the statute, it should be done by the legislature, not the court.

The fourth condition is that there be payment of costs and disbursements by the defendant. From the bench the court said it did not know whether there were any such "costs and disbursements." The record we have tells us nothing further in this regard. This deficiency could be met by a remand and a *pro forma* amendment to the judgment.

■ This leaves for discussion the first condition, namely, that defendant be "charged with a crime punishable as a misdemeanor." ORS 135.703.

Two approaches appear for a construction of this condition:

(1) Defendant was charged with violation of ORS 164.055, theft in the first degree. Subsection (3) thereof provides:

"Theft in the first degree is a Class C felony." ORS 161.705 provides:

"* * * [W]hen a person is convicted of any Class C felony * * * if the court * * * is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a Class A misdemeanor and make disposition accordingly."

Defendant was *"charged"* with a Class C felony, not a *"crime punishable as a misdemeanor."* The crime with which he was charged could only become punishable as a misdemeanor *"when"* (and if) he were con-

victed. ORS 161.705. At that point, we think it would be too late to compromise the prosecution which had been largely completed, though the defendant could be sentenced then for a misdemeanor.

(2) The other approach is to construe what is meant by the language of the compromise statutes, which have remained unchanged from early statehood. *See* n 1. The Oregon Supreme Court in its only construction of the statutes has said crimes compromised "must be of the general class known and denominated as misdemeanors." *Saxon v. Hill,* 6 Or 388, 389 (1877). We hold that a proper construction of the compromise statutes is to read them as applying to crimes punishable only as misdemeanors.

Theft in the first degree is "known and denominated" as a Class C felony under Oregon's present criminal code.

Hence, by either approach to be taken, we come to the same conclusion, namely, that the trial court had no authority to compromise the charge at bar.

Reversed.